IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jerome Myers, # 258396, ) | C/A NO. 6:09-1076-CMC-WMC |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Gregory Knowlin, Warden of Turbeville ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On March 4, 2011, the Magistrate Judge issued a Report recommending that Respondent's supplemental motion for summary judgment be granted and that the petition be dismissed in its entirety.[1] Petitioner filed Objections to the Report on March 23, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

---

[1]On March 12, 2010, this court granted Respondent's partial motion for summary judgment and provided Respondent with additional time to file a supplemental motion for summary judgment.

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the findings and conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner contends that the Magistrate Judge erred in failing to acknowledge Petitioner's "consolidation" of all of his claims of ineffective assistance of counsel into one claim in his Memorandum in Opposition to Respondent's summary judgment motion. Obj. at 1 (citing Memorandum in Opposition) (Dkt. #60, filed Mar. 23, 2011). However, this issue of ineffectiveness (failure to present a defense case) is specifically covered in the Report and Recommendation filed February 10, 2010.[2] This court thereafter granted summary judgment to Respondent on this claim. *See* Opinion and Order (Dkt. #34, filed Mar. 12, 2010).

The court construes Petitioner's argument to contend counsel's purported lack of adversarial testing resulted in a complete denial of counsel under *United States v. Cronic*, 466 U.S. 648 (1984). To the extent a *Cronic* violation can, in this instance, be considered a distinct constitutional violation from an ineffectiveness claim analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984), this argument has not been specifically presented in any form to any court and is, therefore, procedurally

---

[2]This Report covered the partial motion for summary judgment filed by Respondent on July 21, 2009.

defaulted.[3] Petitioner seeks to escape default by arguing actual innocence. Petitioner presented actual innocence as a substantive ground for relief (Ground Two), but now would have this court construe his claim liberally to use actual innocence as an avenue to excuse this default. Obj. at 2.

Actual innocence operates as a "gateway" into federal court to excuse procedural default of a separate constitutional claim upon which a petitioner requests habeas relief. *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). A § 2254 petitioner asserting actual innocence as a procedural gateway is obliged to demonstrate that " 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " *Schlup v. Delo*, 513 U.S. 298, 327 (1993) (quoting *Murray*, 477 U.S. at 496). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. *Royal v. Taylor*, 188 F.3d 239 (4th Cir. 1999). "To establish the requisite probability," the Court explained, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. The *Schlup* mandate thus ensures that a gateway actual innocence assertion must be "truly extraordinary," and its appropriate application thus provides "a meaningful avenue by which to avoid a manifest injustice." *Id*. In the instant matter, Petitioner neither presents "new evidence" which was unavailable at the time of his trial, nor shows that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

Moreover, any claim under *Cronic* fails as a matter of law. In *Cronic*, the Supreme Court

---

[3]Respondent waived procedural default relating to issues contained in Petitioner's *Johnson* petition and supporting *pro se* brief. Dkt. #32 (filed Mar. 10, 2010). However, as noted, to the extent a *Cronic* violation can be deemed a distinct constitutional violation, it has not been previously raised, and Respondent therefore could not have affirmatively waived default on this claim.

set forth three situations, implicating the right to counsel, in which prejudice is presumed. *Id.* at 658-59. The second of the three situations is where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659. Petitioner contends that defense counsel's failure to present a defense case falls under this *Cronic* exception. However, in *Bell v. Cone*, 535 U.S. 685 (2002), the Supreme Court explained that for the second *Cronic* exception to apply, "the attorney's failure must be complete." 535 U.S. at 697. If counsel only fails to oppose the prosecution during certain portions of the criminal proceeding, prejudice is not presumed. *Id.* In this case, trial counsel made numerous pretrial motions, cross-examined witnesses, and made a strategic decision not to present a defense case in order to preserve the last argument. (*See* Order of PCR court at 5 (Dkt. #17-5 at 43, filed July 21, 2009)). Therefore, it cannot be said that counsel's alleged failure was "complete" so as to establish a *Cronic* violation.

Therefore, Respondent's supplemental motion for summary judgment is **granted**, and the petition is dismissed with prejudice in its entirety.[4]

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

---

[4]Petitioner's motion for new trial and/or evidentiary hearing is moot.

4

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 14, 2011